In the Matter of the
WELFARE OF T.L.C.

No. C9–88–2105.

Court of Appeals of Minnesota.

Feb. 7, 1989.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Thomas L. Johnson, Hennepin Co. Atty., Beverly J. Wolfe, Asst. Co. Atty., Minneapolis, for respondent.

William R. Kennedy, Hennepin County Public Defender, Warren R. Sagstuen, Asst. Public Defender, Minneapolis, for appellant.

Heard, considered and decided by HUSPENI, P.J., and CRIPPEN and KALITOWSKI, JJ.

## OPINION

CRIPPEN, Judge.

Appellant, now age 17 (born June 30, 1971), is accused of aiding and abetting second degree felony murder. He challenges a trial court order referring the violation for prosecution as an adult offense. His contentions require our construction and application of statutory reference standards and a supreme court rule identifying the non-exclusive list of circumstances related to reference decisions. We affirm.

## FACTS

On January 7, 1988, when appellant was a 16 year old tenth grader at North High School in Minneapolis, he and at least two other young men participated in a fatal assault of another student. The three persons accompanying appellant were alleged gang members. The incident began with a verbal exchange between one of these three and a companion of the victim. When the victim came to the aid of his friend, he encountered a physical fight with one of the gang members who allegedly

inflicted severe and fatal blows to the victim's body in the course of the assault. Several witnesses reported that appellant punched the victim in the course of the assault. Two students claim that appellant at one point sat on the victim's head while the primary attacker dropped onto the victim's abdomen with his knee from a standing position. Bleeding from a ruptured liver caused irreversible damage to the victim's brain and internal organs, resulting in his death.

Ten days later, an assistant Hennepin County attorney filed a juvenile court petition accusing appellant of aiding others in second degree felony murder, the causing of an unintended death while committing felony assault. Minn.Stat. § 609.19(2) (1988). The prosecuting authority requested a reference of appellant's violation for adult prosecution under Minn.Stat. § 260.125 (1988).

Evidence at a reference hearing showed that appellant had a remarkably poor academic record, including unusual absences from school. Records on appellant's junior high school experience in Milwaukee, Wisconsin, show that he had had persistent behavioral problems in school. His police contacts in Milwaukee included a 1986 robbery accusation resulting from a physical attack of 25 young men against one victim, where witnesses reported that appellant hit the victim at least five times. As a result of this incident, appellant was adjudicated for disorderly conduct and placed under provisionary supervision until April 1987. In 1985, appellant admitted membership in a Milwaukee gang and evidence shows appellant's continued involvement in this gang at least until some time early in 1987.

· In his reference study, a Hennepin County probation officer recommended adult prosecution because of the seriousness of the present offense, appellant's police record in Milwaukee, and his "lack of insight into resolving problem behavior.". A court-appointed psychologist agreed with the recommendation because of appellant's "seeming impenetrability and lack of remorse for this offense." The psychologist found appellant to be "a sophisticated, emotionally controlled child who denies culpability as a defense against consequences." The psychologist reported that appellant minimized his conduct, including his culpability in the 1986 Milwaukee incident and the seriousness of his difficulties in school.

The record includes evidence that appellant attempted to stop the school altercation before the assault of the victim began. Appellant's medical witness concluded that appellant's sophistication was average, and that his self-discipline efforts could be addressed in programs available through the juvenile court system. Consistent with this witness's observation, the record does not show a history of unsuccessful attempts for residential care of appellant.

The trial court concluded that the prosecuting authority had demonstrated by clear and convincing evidence that public safety would not be served by juvenile court proceedings on appellant's alleged violation.[1] Alternatively, the court found that the prosecuting authority had shown a prima facie case for reference, the occurrence of particular cruelty or disregard for life in the course of appellant's commission of an aggravated felony, and that appellant did not produce significant evidence to rebut the prima facie case. *See* Minn.Stat. § 260.125, subd. 3(1)(a) (1988).

The trial court found that appellant was an active participant in the January 1988 fight, that he punched the victim at least once, and that his restraint of the victim aided the infliction of the blow or blows that caused the victim's fatal injury. The trial court found that appellant and others

---

1. The trial court also found adequate evidence that appellant "is not in need of treatment," based on testimony that appellant had no treatable mental illness. We agree with appellant that this conclusion does not constitute one that appellant "is not suitable to treatment," a ground for reference which relates to the inadequacy of juvenile court programs to deal with the identifiable conditions of the child. Because reference can be founded alternatively on unsuitability for treatment or disservice to public safety, the trial court's finding on appellant's mental health is not necessary to its decision in the case. Minn.Stat. § 260.125, subd. 2(d)(2) (1988).

who attacked the victim were all current or immediate past members of a gang, and that the victim was associated then or shortly before then with another gang. The court cited appellant's prior involvement in a strikingly similar Milwaukee assault, and appellant's "significantly substandard educational history." The court noted the evidence that appellant minimized his misbehavior, including evidence that this had been observed by a Milwaukee probation officer in 1986.

## ISSUE

Is there adequate evidence of record to permit reference of appellant's violation for adult court prosecution?

## ANALYSIS

Unless its discretion is abused, the trial court is permitted to refer appellant's violation for adult court prosecution if the evidence permits a finding that "the prosecuting authority has demonstrated by clear and convincing evidence that the child is not suitable to treatment or that the public safety is not served under the provisions of laws relating to juvenile courts." Minn.Stat. § 260.125, subd. 2(d)(2) (1988); *see, e.g., In re Welfare of D.F.B.,* 433 N.W. 2d 79, 81–82 (Minn.1988). If not rebutted by significant evidence, a prima facie case of unsuitability or public safety problems can be made by showing certain offenses, including an aggravated felony where the child acts with particular cruelty or disregard for the life or safety of another. Minn.Stat. § 260.125, subd. 3(1)(a) (1988); Minn.R.Juv.Cts. 32.05, subd. 2.

Appellant contends, initially, that the trial court here could not find a prima facie case for reference without attributing to appellant the misconduct of others. Evidence heard by the trial court supports its conclusion that a prima facie case was established. The court's findings focus on evidence of appellant's individual involvement in supporting a fatal assault, and particularly in holding the victim such as to aid or accommodate a likely fatal blow or blows. Moreover, we agree with respondent's observation that the evidence here

showed the occurrence of such severe assaultive behavior that any person present at the scene would have known how seriously threatening it was to the victim.

Appellant further contends that the trial court erred in disregarding significant evidence which rebutted the prosecutor's prima facie case. We conclude, however, whether or not the rebuttal is adequate, that reference here must be affirmed on the trial court's alternative finding of clear and convincing evidence that public safety would not be served by juvenile court proceedings.

If a prima facie case is rebutted, the trial court is to consider "the totality of the circumstances" to determine whether clear and convincing evidence shows unsuitability or a disservice to public safety in juvenile court proceedings. Minn.R.Juv.Cts. 32.05, subd. 2. The rule sets out eleven non-exclusive circumstances to be considered by the court, seven of which relate to the nature of the offense. *Id.* subd. 2(a), (b), (c), (d), (e), (i), and (j). Subdivision 2(k) deals with the age of the offender and the time available for rehabilitation before the offender reaches age 19. Evidence on the age of the offender and the offense, by itself, does not establish cause for reference. *In re Welfare of Dahl,* 278 N.W.2d 316, 320–21 (Minn.1979); *D.F.B.,* 433 N.W. 2d at 80 (refuting construction of statute such that "reference is justified any time a juvenile commits a heinous offense"). To the contrary, the supreme court said in *Dahl* that to satisfy the statutory public safety standard, the record must contain other "direct evidence that the juvenile endangers the public safety." *Dahl,* 278 N.W.2d at 321.

Dangerousness can be shown by evidence that a juvenile needs to be incarcerated in secure facilities which are not available to the juvenile court. Minn.R.Juv.Cts. 32.05, subd. 2(f). There is no evidence here of such a need. In addition, however, rule 32.05, subd. 2 identifies two other circumstances which are relevant to the issue of danger:

(g) the sophistication and maturity of the child as determined by consideration

of the child's home, environmental situation, emotional attitude and pattern of living,

(h) the record and previous history of the child.

Here the record contains evidence of a prior history of appellant which enlarges the seriousness of his present conduct, and a degree of sophistication and maturity of appellant which is further evidence that public safety is not served by juvenile court proceedings.

Appellant contends that his previous history is "minimal," and that evidence of his sophistication is rebutted by the testimony of his expert. Because the prior assault of appellant occurred in strikingly similar circumstances, the court did not clearly err in giving considerable weight to that record as a circumstance bearing on the public safety issue in the case. Regarding the level of appellant's maturity or sophistication, the record shows conflicting testimony of two experts. Respondent is correct in observing that appellant's expert knew little of the details about appellant's 1986 offense, and that the expert was unaware of evidence that appellant was individually involved in striking the victim and aiding another to wound him grievously.

The record does not permit the conclusion that the trial court erred in evaluating the totality of the circumstances in the case. The court examined the nature of appellant's alleged misconduct and, consistent to the requirements of *Dahl*, the trial court went further by considering the history of the child and the degree of his sophistication and maturity. The court did not clearly err in finding convincing evidence that public safety would not be served by juvenile court proceedings on appellant's alleged violation.

Appellant observes correctly that there is a remarkable contrast between the two choices available for the court in this reference proceeding. Rather than participating in a rehabilitative approach which ends when the juvenile turns age 19, adult prosecution of the juvenile may involve a young person in an adult prison for a long term. It is evident that the statutory standards, as interpreted by the Minnesota Supreme Court, constitute specific safeguards against use of the adult correction system for a juvenile who does not belong in that setting. We are satisfied, having examined the record here, that the trial court did not clearly err in its determination that those standards do not preclude reference of appellant, and we cannot say the court abused its discretion in electing to refer the case.

## DECISION

The record adequately supports the trial court's election to refer appellant's alleged second degree murder offense for adult prosecution.

AFFIRMED.